# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

FREDERICK J. BLAESI AND OTHERS, APPELLANTS, *v.* CARO-
LINE BLAESI, WIDOW OF JACOB F. BLAESI, RESPONDENT.

*Evidence as to personal transactions with a deceased person — to what cases the
prohibition does not extend — Code of Civil Procedure, sec. 829.*

APPEAL from a judgment of the Monroe Special Term, dismiss-
ing the complaint.

The action was brought to establish a deed of conveyance alleged
to have been made by the defendant to Jacob F. Blaesi, who
subsequent to such conveyance became her husband; who, having
title, conveyed the premises to one Jacob Stubenbord, on May 18,
1874, and on May 17, 1877, he married the defendant. In June,
1877, Stubenbord conveyed the premises to her. Jacob F. Blaesi,
the husband, died intestate in December, 1883. The plaintiffs are
his heirs-at-law, and they allege that the defendant, the widow
of Jacob F. Blaesi, made and delivered to him, in 1882, a deed of
conveyance of the land in question. They demand judgment that
the deed may be produced, and that they be adjudged the owners
of the premises, as such heirs, subject to her right of dower. The
allegations as to the conveyance are put in issue by the defendant's
answer.

The trial court found that the defendant took title from Stuben-
bord, and has since continued to be, and is the owner, and in the
possession of the premises, and directed judgment dismissing the
complaint on the merits.

The court at General Term, after holding that this finding was
supported by the evidence, said: " The difficulty arises upon excep-
tions taken to the exclusion of evidence on the trial. One of the
plaintiffs testified that a conversation took place between the
defendant, her husband and himself, and his evidence of such con-

versation was excluded as incompetent, under Code of Civil Procedure, section 829. The witness was a party, and interested in the event, and was examined in his own behalf and interest and that of his co-plaintiffs, but not against the executor, administrator or survivor of a deceased person, or a person deriving title from, through or under a deceased person. The defendant took her title from a person other than her husband, and although her grantor took his title from him, that fact does not presumptively place her within the relation to the deceased required to give application to the inhibition of the statute referred to. Her grantor would be excluded as against her from testifying to personal communications had by him with the deceased. This contest is between the defendant and the heirs of the decedent. They claim under him, and as against them the defendant would not be permitted to relate personal transactions or communications had by her with him in his life time, but their transactions with him, as against her, do not seem to come within the letter or spirit of the provisions of such section. The exception to the exclusion of the evidence seems to have been well taken. And we think the striking out the statement of the witness, that he saw the deed in the possession of the husband, was error, not only for the reason before given, but because it did not, as it stood, tend or purport to prove any personal transaction between him and the witness.

"There seems to have been no error upon the trial or in the decision, other than in the rulings excluding and striking out the evidence referred to, and for those reasons the judgment should be reversed and a new trial granted, costs to abide event."

*Barhite & Reed*, for the appellants.

*William E. Werner*, for the respondent.

Opinion by BRADLEY, J.; SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

Judgment reversed and new trial ordered, costs to abide event.